[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Statement Of The Case
This is a dispute between owners of adjoining water front parcels on Long Island Sound in the town of Madison. Though each parcel is owned by more than one person, Statement of the Case only one plaintiff and one defendant testified so that any reference to the plaintiffs or the defendants refer to the testimony of the plaintiff John Vounatso or the defendant Robert Reynolds.
The plaintiffs claim that the defendants exceeded the terms of the permission originally given to enable the defendants to go onto the plaintiffs' property to work on the defendants' seawall. They now seek to have the defendants remove cement footings placed on the plaintiffs' side of the property line. They also allege a loss of value to their land but no evidence was offered as to such depreciation.
As the case was tried, the issues presented to the court were: 1. Was there an unauthorized trespass which continues in the form of footings on the plaintiff's property and, 2. What is the extent of the trespass, if one is found.
 I
The plaintiffs concede that Dr. Reynolds called Mr. Vounatso on the phone and said he wanted to bring in a machine to repair the wall. Mr. Vounatso says he granted that permission. CT Page 10233
Dr. Reynolds version of the conversation is somewhat different. He states that he explained his construction plan to Mr. Vounatso, told him it would require heavy equipment to be brought in, that the equipment would be stored on the plaintiffs' property during the projects's progress. The work would involve wall repair, a footing alongside of the wall, and installation of re-bars which, though originally projecting outward, would eventually be part of a re-facing of the wall.
When Mr. Vounatso protested what he perceived to be a violation of the permission, the re-bars were cut off and wall left without a facing. In his rebuttal testimony, Mr. Vounatso said he understood the repair would be limited to "a patch," and the wall and footing were not mentioned.
However, paragraph 2 of the plaintiff's complaint contradicts this testimony, stating the permission was "for the purpose of working upon the defendants' sea wall. . .
The court concludes that the version of the "agreement" offered by the defendant. through Dr. Reynolds represents the more logical and reasonable one. This conclusion is supported by evidence of other steps taken by the defendants, including obtaining permission from another landowner to cross his land with the heavy equipment and the hiring of an engineer to prepare a plot plan for the D.E.P. In brief the court finds Dr. Reynolds to be truthful in his presentation. It is the court's observation that Mr. Vounatso became (and is) somewhat emotional over what he perceives to be the defendants taking advantage of him. His testimony is not consistent and his complaint raises a question as noted above.
The plaintiffs also argue that even if permission were granted, that permission can he and was revoked. Unfortunately, however, the work complained of had already been completed, save for the re-facing, and the revocation came to late.
The court concludes that the defendant acted reasonably in reliance on the permission given to Dr. Reynolds by Mr. Vounatso and that no trespass occurred or is occurring.
 II
Though the conclusion above is sufficient for the purposes of CT Page 10234 entering a final judgment, the court feels obliged to address the issue of the extent of the encroachment, if one were to adopt the plaintiffs' version of the permission.
The court heard the lengthy testimony offered by each side's expert, and even interposed its own questions. The exhibits have been re-examined along with that testimony and the court concludes that the plaintiffs have not sustained their burden to establish the high water mark to be where they say it is. Rather, the defendants have convinced the court that it is where their expert, Mr. Hart indicated.
Consequently, even if there were an incursion onto the plaintiff's property, that incursion or trespass would be "de minimis."
 Conclusion
The court finds the issues for the defendants and judgment may so enter.
In conclusion, the court expresses its concerns that these two decent and well intentioned gentlemen should have had to litigate over this matter. As time goes on, their cooperation with one another in staving off the inroads of beach erosion could become vital to all concerned.
It is the court's hope that a mutual accommodation can be effected to benefit all parties. The court will be available at the request of the parties to accomplish that result.
Anthony Demayo, J.T.R.